JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00735-RGK-JPR | Date | February 2, 2021 |
|---|---|---|---|
| Title | *Betsy Chavez v. The Childrens Place, Inc et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On December 3, 2020, Betsy Chavez ("Plaintiff") filed a complaint against The Children's Place, Inc. ("Defendant") alleging various state-law claims for discrimination, retaliation, failure to prevent discrimination and retaliation, failure to provide reasonable accommodations, failure to engage in an interactive process, violation of the Pregnancy Disability Leave law, wrongful termination in violation of public policy, failure to pay wages, failure to provide rest periods, failure to provide itemized wage and hour statements, waiting time penalties, and unfair competition. On December 28, 2020, Plaintiff served Defendant with the Complaint and Summons.

On January 27, 2021, Defendant removed the action to this Court based on diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

A civil action may be removed to federal district court so long as original jurisdiction would lie in the court to which the case is removed. 28 U.S.C. § 1332 provides that district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court based on § 1332 bears the burden of proving that the amount in controversy is satisfied. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007); *see Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (recognizing the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant.") If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Id.*

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-00735-RGK-JPR | Date | February 2, 2021 |
|---|---|---|---|
| Title | *Betsy Chavez v. The Childrens Place, Inc et al* | | |

Here, Plaintiff seeks damages for lost wages, statutory penalties, emotional distress, general and special damages, punitive damages, and attorneys' fees. In support of removal, Defendant calculated Plaintiff is owed $16,106.74 in unpaid wages and $29,176.88 in front and back-pay. Estimated total as $45,283.62. With that as a starting point, Defendant does not meet the minimum amount in controversy as Defendant's inclusion of emotional distress damages, punitive damages, and attorneys' fees are speculative.

Defendant estimates Plaintiff's emotional distress and punitive damages to be at least $25,000 each. As support for the emotional distress damages, Defendant identified caselaw in which a plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim." But emotional distress damages in one case does not indicate that Plaintiff would be expected to obtain the same amount here. Defendant provides no other supporting evidence regarding emotional distress damages. As to punitive damages, Defendant argues that it is at least $25,000 based on Plaintiff's request. But, like the emotional distress damages, such an award is only speculation.

Defendant has therefore failed to prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence.

Accordingly, this case is hereby **REMANDED** to state court.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer          _____